Travis J. Morrissey Hurst Law Firm 213 Woodbine Hot Springs, AR 71901
Dear Mr. Morrissey:
You have requested certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of a popular name and ballot title for a proposed constitutional amendment. You have previously submitted a similar measure that I rejected due to ambiguities in the text of your proposed amendment. See
Opinion No. 2001-379. You have since made additional changes to your measure and submitted a popular name and revised ballot title for my certification. Your proposed popular name and ballot title state:
 Popular Name AMENDMENT FOR NAME CHANGE OF ENVIRONMENTAL ENHANCEMENT FUNDS TO CITIZEN AND RESOURCE PROTECTION FUNDS
 Ballot Title PROPOSING AN AMENDMENT TO AMENDMENT NO. 75 TO THE CONSTITUTION OF THE STATE OF ARKANSAS TO PROVIDE FOR ARKANSAS GENERAL ASSEMBLY TO CHANGE THE NAME OF THE ENVIRONMENTAL ENHANCEMENT FUNDS, TO CHANGE THE PURPOSE FOR WHICH SUCH FUNDS ARE TO BE USED; AND FOR OTHER PURPOSES
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment or act. See Arkansas Women's PoliticalCaucus v. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. §7-5-522's five-minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian CivicAction Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed popular name and ballot title due to ambiguities in the text of your proposed measure. A number of additions or changes to your popular name and ballot title are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title pursuant to A.C.A. § 7-9-107(b).
I refer to the following ambiguities:
 1. Section 1 of your proposed amendment states that: "[t]he Title of Amendment 75 to the Constitution of the State of Arkansas shall be changed to the "Citizen and Resource Protection Funds" which shall have the powers and duties as are now or may hereafter be prescribed by the General Assembly." Several ambiguities arise from this Section. First, as I tried to indicate to you in my response to your first submission, Amendment 75, as originally proposed by the General Assembly (see HJR 1007 (1995 Reg. Sess.), did not provide a title for the Amendment. The bracketed title "Environmental Enhancement Funds" that appears in the Arkansas Constitution volume of the Arkansas Code Annotated was added by the publishing company responsible for compiling the Arkansas Code. See Publisher's Notes to Amendment 75. There is thus currently no legal "title" to Amendment 75. See A.C.A. § 1-2-115(c) ("[a]ll title, chapter and subchapter analyses, historical citations, annotations, and notes set out in this Code are given for the purpose of convenient reference and do not constitute part of the law). It is therefore ambiguous for your amendment to speak in terms of "changing" the title to Amendment 75. Second, as I noted in my response to your first submission, your Section 1 is unclear as to whether the General Assembly must act to effect the new title of Amendment 75, or whether your proposed amendment itself adds the new title. You have summarized this section in your proposed ballot title by indicating that the former is your intention. This intention does not appear in the text of your proposed amendment, however, and as such, the proposed amendment remains unclear. In any event, it is unclear as a matter of law, given your apparent intention, how the General Assembly could act to change the title of a constitutional amendment, i.e. whether a resolution or law could have this effect, or whether the General Assembly itself would be required to refer a constitutional amendment on the question. Third, your proposed Section 1 purports to change the title of Amendment 75 to the "Citizen and Resource Protection Funds" and to invest such title with "the powers and duties as are now or may hereafter be prescribed by the General Assembly." An ambiguity arises in investing a title with powers and duties. Powers and duties are ordinarily exercised by persons, or collections of persons.
 2. Section 2 of your proposed amendment, which amends Section 1 of Amendment 75, provides that: "The people of the State of Arkansas find that preservation and protection of its elderly citizens as well as its natural resources constitute a major economic resource of the state and they desire to provide extra funds to the Medicaid Trust Fund." In addition to the unremedied ambiguities I noted in my response to your first submission concerning this language (see Opinion 2001-379) an ambiguity arises from the words "Medicaid Trust Fund." It may be your intention to provide funds for the "Arkansas Medicaid Program Trust Fund," which is created at A.C.A. § 19-5-985 (Repl. 1998). If this is the case, the fund must be accurately designated in your amendment to avoid any ambiguity.
 3. The same ambiguity noted above with regard to the "Medicaid Trust Fund" occurs in Section 3 of your proposed amendment, which amends subsection 3(a) of Amendment 75.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Roberts v. Priest,341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id.
Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General
MP/cyh